LESTER G. OSTROV
lostrov@lgolaw.com
LESTER G. OSTROV, PROFESSIONAL CORP.
5757 Wilshire Blvd.
Penthouse 5
Los Angeles, CA  90036
Telephone: (323) 424-3440
Facsimile: (323) 424-3468

THOMAS A. WOODLEY
taw@wmlaborlaw.com
MICHAEL R. WILLATS
mrw@wmlaborlaw.com
WOODLEY & McGILLIVARY LLP
1101 VERMONT AVE, N.W.
SUITE 1000
WASHINGTON, DC 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1. Keston Abe<br>2. Francisco Acevedo<br>3. Patrick Ahern-Price<br>4. Scott R. Anderson<br>5. Alejandro Arredondo<br>6. Dennis E. Baker<br>7. Edward S. Barkley<br>8. Daniel Barrera<br>9. Amy Bastman<br>10. Gabriel Batriz<br>11. Christopher P. Bauman<br>12. Barry Belknap<br>13. Ellery R. Beltran<br>14. Daryl K. Bennett | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF** |

15. Lee G. Bennett
16. Sheldon Beverly
17. Frank Bish
18. Terry Black
19. David M. Boragine
20. Brandon Bower
21. Jason Braff
22. David M. Brien
23. Evan Brooks
24. Emanuel Brown
25. Bruce Buddemeyer
26. Ethan Burlingame
27. Albert Butler Jr.
28. Rocky Camarlinghi
29. Michael Campana
30. Timothy Cascario
31. Rey J. Castro
32. Daniel Cates
33. Jason Chapman
34. David Chavez
35. Nicholas Collins
36. William Collyer
37. Shawn Connolly
38. Matthew Conroy
39. Michael L. Contreras
40. Michael S. Conway
41. Dion A. Cooper
42. Milo Cope
43. Kelly Corcoran
44. Andrew J. Corona
45. Jose M. Coucetr
46. Andrew Crawford
47. Raymond R. Crawford
48. James D. Crites
49. Dana Crutchfield
50. Hiram Cuahutle
51. Jessica Cullen
52. Donn Cunnigan
53. Nicholas M. Darcy
54. Kasra Davar
55. Gregory Davis

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF

56. Matthew D. Davis
57. Roman De La Torre
58. Robert Dean
59. William J. DeFeo
60. Matthew T. Edgington
61. Blake Fair
62. Daniel Ferrari
63. David Finger
64. Michael Finger
65. Mark Flynn
66. Jason Foster
67. Joseph Franklin
68. Ryan Fuette
69. Tony N. Gaj
70. Raymond A. Gallegos
71. Felix-Edmund Gapuzan
72. Sevan D. Gerard
73. Trey M. Glennnon
74. Alexander S. Gonzalez
75. Daniel Gonzalez
76. Javier Gonzalez
77. Jeff V. Gorder
78. Damon Grayson
79. Kevin M. Green Jr.
80. Christian Gunzel
81. Edward J. Gutierrez
82. David Hahn
83. George M. Hall
84. Brian Halley
85. Kyle Halstead
86. Daniel Han
87. Shaun Hannan
88. Daniel Harris
89. Gregory D. Harvey
90. Michael A. Hayes
91. Darin B. Hebert
92. Edward Hechanova
93. David Hernandez
94. Kyle Hernandez
95. Rene H. Herrera
96. John Hicks

3

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF

97. Brandon Hill
98. John V. Hoesen
99. Christopher Horst
100. Bryan Howard
101. Travis Humpherys
102. Brad Ibanez
103. Eric Ingstad
104. Kevin Jacobs
105. Joshua Jenkins
106. Jayson A. Johnson
107. Olin C. Jones Jr
108. Gerard A. Jordan
109. William Jun
110. Christopher Justus
111. Eugene Kang
112. Jerry Kao
113. Matthew Kasparian
114. Gavin Kaufman
115. Scott Keelin
116. Melissa Kelley
117. Timothy R. Kent
118. Victor Khachatoorian
119. Michael Kim
120. Gregory A. Kindred II
121. Darren King
122. Chad Kisow
123. Brent Kneisler
124. Daniel Kush
125. David G. Lake
126. Alfredo M. Larios
127. Brock LaRue
128. Reynaldo Lavalle
129. Hassaon K. Laws
130. Michael Lee
131. Dennis Legaspi
132. Michael C. Leon
133. Rik L. Lestelle
134. Brian M. Levine
135. Nicholas A. Liffers
136. Noe A. Lopez
137. Antonino Lovato

4

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF

138. Scott Loveless
139. Grover Lumas
140. Wesley Manning
141. Patrick Mark
142. Paige Matsumoto
143. Mikel G. Mattison
144. Brandon Mattson
145. Christopher McWhorter
146. Henry R. Medina
147. Miguel Meza
148. Chris Miramontes
149. Eddie Montez
150. Derek R. Moran
151. Carlos Morel
152. Lizandro A. Moreno
153. Justin Morgan
154. Edward W. Morgan III
155. Nima Mortazavi
156. Jose Moya
157. Mark Moyer
158. Michael T. Mueller
159. Aaron G. Mungaray
160. Ryan C. Needham
161. Eric Nevarez
162. Mario Nuñez
163. Joshua R. Ornelas
164. Victor M. Oseguera
165. Jon Parsons
166. James P. Patterson
167. Jose Paz
168. Michael Pellegrini
169. Nathan Peña
170. Stephen M. Pennington II
171. Robert C. Ponce
172. Marcus D. Portis
173. Matthew D. Potter
174. William J. Prabhu
175. Richard B. Puels
176. Bryan Quick
177. Brian E. Quinn
178. Herbert Reddick

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF

179. Michael Reddy
180. Andrew J. Regalado
181. Harold J. Reyes
182. Robert C. Reyes
183. Blake Robbins
184. Francis Rodriguez
185. Jordan Ross
186. Kimberly Rudloff
187. Paul C. Saavedra
188. Michael R. SaFran
189. Ryan Sanders
190. Mateo Sarabia
191. Cynthia N. Sato
192. Kyle A. Saure
193. Marco Scachetti
194. Paul Schori
195. Edgar Segura
196. Eduardo Sermeno
197. Donald E. Shaw Jr.
198. Jason L. Shelton
199. Richard K. Shortle
200. Brian Simon
201. Steven V. Smith
202. Benjamin A. Speakman
203. Stephen Spriggs
204. Jamie A. Stanford
205. Christopher Stellern
206. Craig Studenka
207. Daniel Susca
208. Nathan Sweet
209. Keith W. Szalonek
210. Hugo Tadeo
211. DeJuan Talley
212. Abe Tapia III
213. Arturo Tarango
214. Manuel Tenorio
215. Donn Thompson
216. Michael Thompson
217. Patrick R. Turner
218. Jonathan Valenzuela
219. Ian Van Gerpen

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF

220. Michael Vavrin
221. Jose E. Veliz
222. Edmundo Villarreal
223. Gino Volta
224. Michael Walton
225. Shane Weaver
226. Matthew Webber
227. Greg Whitmore
228. Ken Wigchert
229. Ashlin Wilbun
230. Steven W. Williams
231. Phillip Wilson
232. Scott Wise
233. Jerome Woodcock
234. Matthew Zeller
235. Stephen Ziemer
236. Andre V. Zimbeck

        Plaintiffs,

   vs.

CITY OF LOS ANGELES,

        Defendant.

## **Preliminary Statement**

1.    The plaintiffs are current or former employees of the defendant City of Los Angeles, California, and they bring this action on behalf of themselves and other employees similarly situated.  This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*

///

///

7

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF

## Jurisdiction and Venue

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue of this action is established in this Court pursuant to 28 U.S.C. § 1391(b).

## Parties

4. Plaintiffs are each employees, or former employees, of the defendant City of Los Angeles, at the Los Angeles Fire Department, located in the Central District of California.

5. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiffs herein have each executed and hereby filed with the Court their respective consents in writing to become a party plaintiff in this action, which are appended hereto as Exhibit A.  Should other individuals similarly situated seek to join this action, their consents will be filed with the Court.  These written consent forms set forth each plaintiff's name and intent to be party to this suit.

6. The defendant in this action is the City of Los Angeles, California, which has a principal place of business within the City of Los Angeles in the Central District of California.

## Facts

7. The plaintiffs are each employees, or former employees, who were at all times material herein employed in an enterprise engaged in commerce or in the

production of goods for commerce, as defined by 29 U.S.C. § 203(s). More specifically, each plaintiff is, or was, employed by the City of Los Angeles at the Los Angeles Fire Department ("Department") as a non-rotational fire fighter/paramedic assigned to work on a paramedic ambulance.

8. Plaintiffs' exclusive assignment to paramedic ambulances stems from their being assigned to work at a station within the Department that lacks an assessment vehicle, thereby precluding their rotation onto a fire engine. Additionally, other plaintiffs have been restricted to serving on a paramedic ambulance for the two years immediately following their acquiring paramedic certification.

9. Each of the plaintiffs in this action, while employed by defendant, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).

10. The defendant City of Los Angeles is an "employer" as defined by 29 U.S.C. § 203(d) and a "public agency" within 29 U.S.C. § 203(x). Upon information and belief, the defendant at all relevant times has been aware of the provisions of the FLSA.

11. The defendant is an enterprise, as defined by 29 U.S.C. § 203(r).

12. Within the last three years, while working as non-rotational fire fighter/paramedics assigned to work a paramedic ambulance, plaintiffs were assigned to work platoon duty.

13. When assigned to platoon duty, plaintiffs are assigned to work shifts of 24 hours. Plaintiffs are assigned to one of three platoons or shifts (i.e., platoon A, B, or C). During the course of a nine (9) day period, plaintiffs are assigned a day on, followed by a day off, followed by a day on, followed by a day off, followed by a day on, followed by four days off. This schedule is repeated every nine (9) days. This schedule routinely causes plaintiffs to work over 40 hours in a workweek.

14. At all times material herein, defendant has failed and refused to provide plaintiffs with overtime compensation for time worked above 40 hours in a workweek, thereby violating 29 U.S.C. § 207(a) of the FLSA.

15. Defendant applies a 27-day work period under section 207(k) of the FLSA to plaintiffs when calculating their FLSA overtime pay. 29 U.S.C. § 207(k).

16. At all times material herein, plaintiffs do not engage in fire suppression or other fire protection activities as non-rotational fire fighter/paramedics assigned to work a paramedic ambulance.

17. At all times material herein, plaintiffs have worked in excess of 40 hours per workweek.

18. On information and belief, the failure by defendant to properly pay compensation owed to each plaintiff is a knowing, willful, unreasonable, reckless, and bad faith violation of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

///

///

10

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF

**Failure to Pay Overtime for All Hours Plaintiffs Work Above Forty Hours in a Workweek in Violation of Section 7(a) of the FLSA, 29 U.S.C. § 207(a)**

19.Plaintiffs hereby incorporate by reference paragraphs one (1) through eighteen (18) in their entirety and restate them herein.

20.Employees covered under the FLSA are entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of the maximum hours set forth in 29 U.S.C. § 207.

21.At all times material herein, plaintiffs have worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207(a).  As a result, at all times material herein, the plaintiffs were entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours they have worked in excess of 40 hours per workweek.  29 U.S.C. § 207(a).

22.At all times material herein, the defendant has failed and refused to provide plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they have worked in excess of 40 hours per workweek, thereby violating 29 U.S.C. § 207(a).

23.Specifically, in violation of 29 U.S.C. § 207(a), the defendant has paid the plaintiffs based on its erroneous classification of plaintiffs as employees engaged in fire protection activities under 29 U.S.C. § 207(k) and 29 C.F.R. Part 553.

24.Defendant's refusal to provide overtime pay at the proper rate to plaintiffs for the hours they have worked in excess of 40 hours per workweek, as

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF

specified in the FLSA, 29 U.S.C. § 207(a), wrongly deprives them of the overtime compensation that has been due to them at times material herein.

25.     As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiffs for which defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and the costs of this action.

26.     As a result of defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

## **Prayer for Relief**

WHEREFORE, each plaintiff requests from the Court the following relief:

A.     A declaratory judgment declaring that the defendant has willfully, recklessly, unreasonably, wrongfully, and with a lack of good faith, violated its

statutory and legal obligations, and deprived each plaintiff of his/her rights, protections and entitlements under federal law, as alleged herein;

  B. An order for a complete and accurate accounting of all the compensation to which each plaintiff is entitled;

  C. Judgment against the defendant awarding each plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his/her unpaid compensation, plus pre-judgment and post-judgment interest;

  D. Reasonable attorneys' fees and the costs and disbursement of this action; and

  E. Such other and further relief as the Court deems proper.

## Demand for a Jury Trial

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

November 6, 2015         Respectfully submitted,

              /s/ Thomas A. Woodley
              Thomas A. Woodley
              taw@wmlaborlaw.com
              Michael R. Willats
              mrw@wmlaborlaw.com
              WOODLEY & McGILLIVARY LLP
              1101 Vermont Avenue, N.W.
              Suite 1000
              Washington, D.C. 20005
              Phone: (202) 833-8855
              Fax: (202) 452-1090

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF

1
2
3
4
5
6
7
8

/s/ Lester G. Ostrov
LESTER G. OSTROV
Ca. Bar No. 40264
lostrov@lgolaw.com
LESTER G. OSTROV,
PROFESSIONAL CORP.
5757 Wilshire Blvd.
Penthouse 5
Los Angeles, CA  90036
Telephone: (323) 424-3440
Facsimile: (323) 424-3468

9

*Counsel for Plaintiffs*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF